NOT ORIGINAL

DOCUMENT

01/09/2026 10:14:22

AM

87453-1

COMMONWEALTH OF KENTUCKY
NELSON CIRCUIT COURT
DIVISION __
CIVIL ACTION NO. 25-CI-_____

CHAPLIN BAPTIST CHURCH INC                                    PLAINTIFF

VS.                          **COMPLAINT**

OWNERS INSURANCE COMPANY                              DEFENDANT
    SERVE:        **SERVE VIA REGISTERED AGENT**
             CT Corporation System
             306 W. Main Street, Suite 306
             Frankfort, KY 40601

****    ****    ****    ****

Comes now Plaintiff, Chaplin Baptist Church Inc., by counsel, and for its Complaint against the above-captioned Defendant, hereby states as follows:

**JURISDICTION AND VENUE**

1.      Venue is proper and this Court has subject matter jurisdiction over this action because the acts alleged herein arose from events that occurred in Nelson County, Kentucky, and the damages sought are in excess of the jurisdictional requirement of this Court.

**PARTIES**

2.      Plaintiff, Chaplin Baptist Church Inc. at all times relevant to this Complaint, owned property located at 5585 Lawrenceburg Road, Bloomfield, KY 40008 ("Property").

3.      At all times relevant and material hereto, Owners Insurance Company ("Owners"), was a foreign corporation, registered with the State of Kentucky, and engaged in the business of providing insurance policies to property owners in Nelson County, Kentucky.

**GENERAL ALLEGATION**

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

COM : 000001 of 000006

1

Filed          25-CI-00833      12/30/2025          Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL
DOCUMENT
01/09/2026 10:14:22
AM
87453-1

4.      Plaintiff is the owner of the Property which is a church located in Nelson County, Kentucky.

5.      Plaintiff maintained a commercial property insurance policy covering the Property with Owners for the relevant period, under policy number 184614-52897236-24 ("Policy").

6.      On or about January 5, 2025, Plaintiff suffered damage to the Property due to the weight of ice and snow, a covered cause of loss under the policy.

7.      On information and belief, Plaintiff suffered a covered loss under the Policy and has otherwise suffered damage that is not excluded under the Policy.

8.      Plaintiff timely reported the loss to Owners, who assigned claim number 300-0066116-2025 to the loss.

9.      Owners wrongfully denied Plaintiff's claim.

10.     Owners misrepresented facts about the loss and the Policy.

11.     All conditions precedent to obtaining coverage for the loss have been complied with, met, or waived.

12.     As a result of Defendant's refusal to honor its obligations under the Policy, Ky. Rev. Stat. §304.12-230 and Ky. Rev. Stat. §304.12-235, Plaintiff retained the services of the undersigned attorneys and is obligated to pay a reasonable fee for their services.

## COUNT I: BREACH OF CONTRACT

13.     Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

14.     Plaintiff and Defendant are parties to a valid and binding contract of insurance, which requires Defendant to provide benefits to Plaintiff in the event of a covered loss under the Policy.

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

COM : 000002 of 000006

2

Filed          25-CI-00833          12/30/2025          Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL
DOCUMENT
01/09/2026 10:14:22
AM
87453-1

15. On information and belief, Plaintiff suffered a covered loss under the Policy.

16. Defendant failed to pay any of the benefits due under the Policy.

17. Plaintiff was damaged by Defendant's breach of contract.

18. Plaintiff continues to suffer damages from Defendant's breach of contract.

19. Plaintiff is entitled to compensation for Defendant's breach of contract.

20. Plaintiff demands a trial by jury on all triable issues in this case.

## COUNT II: STATUTORY BAD FAITH

21. Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

22. Defendant is an insurance company engaged in the business of insurance in the Commonwealth of Kentucky.

23. Through its conduct, acts and omissions described herein, Defendant has violated the Kentucky Unfair Claims Settlement Practices Act, KRS 304.12-230, by, and among other conduct:

(1) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

(2) Failing to acknowledge and act reasonably promptly upon communications with respect to Plaintiff's claim under the Policy;

(3) Failing to adopt and implement reasonable standards for the prompt investigation of Plaintiff's claim under Policy;

(4) Refusing to pay Plaintiff's claim without conducting a reasonable investigation based on all available information;

(5) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements were completed by Plaintiff;

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

COM : 000003 of 000006

3

Filed          25-CI-00833     12/30/2025          Diane Thompson, Nelson Circuit Clerk

DOCUMENT

AM

NOT ORIGINAL

01/09/2026 10:14:22

(6) Not attempting in good faith to effect prompt, fair and equitable settlement of Plaintiff's claims in which liability has become reasonably clear;          87453-1

(7) Compelling Plaintiff to institute litigation to recover amounts due under the Policy by offering substantially less than the amount actually owed on the claim; and

(14) Failing to promptly provide a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for denial of Plaintiff's claim or for the offer of a compromise settlement.

24.     As a direct and proximate result of Defendant's violations of the Kentucky Unfair Claims Settlement Practices Act, Plaintiff suffered damages plus attorneys' fees, interest, and costs as allowed by law.

### COUNT III: COMMON LAW BAD FAITH

25.     Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

26.     Based on the terms of the Policy and the factual evidence developed herein, Defendant is obligated to cover Plaintiff's claims for property damage presented to Defendant as described herein.

27.     At all relevant times, Defendant lacked a reasonable basis for denying coverage for the damages claimed by Plaintiff in the claim and provided inadequate explanation or basis for the denial of coverage.

28.     Defendant by and through its agents and employees, knew there was no reasonable basis to deny and/or refuse to provide coverage for Plaintiff's claim, or in the alternative, acted with reckless and disregard for whether such a basis existed.

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

COM : 000004 of 000006

4

Filed          25-CI-00833    12/30/2025          Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL
DOCUMENT
01/09/2026 10:14:22
AM
87453-1

29.    As direct and proximate result of Defendant's wrongful conduct, Plaintiff suffered

damages plus attorneys' fees, interest, and costs as allows by law.

## DAMAGES

30.    Plaintiff will show that all of the aforementioned acts, taken together or singularly,

constitute the proximate, actual and producing causes of the damages sustained.

31.    For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which

is the amount of its claim, together with attorneys' fees.

32.    For statutory and common law bad faith, Plaintiffs are entitled to actual damages,

which include the loss of the benefit that should have been paid pursuant to the Policy, court costs,

and attorneys' fees.

33.    For punitive damages, Plaintiff is entitled to payment in an amount to be determined

at trial.

34.    More specifically, Plaintiff seeks monetary relief, including damages of any kind,

penalties, costs, expenses, pre-judgement interest, and attorneys; fees, in an amount to be

determined at trial.

35.    Jury demand is hereby made as to all triable issues contained herein.

**WHEREFORE**, Plaintiff, Chaplin Baptist Church Inc., hereby demands judgment against

Defendant, Owners Insurance Company:

1.  A trial of this cause by a jury;

2.  All damages to which Plaintiff is entitled;

3.  Pre-judgment interest pursuant to KRS § 304.12-235;

4.  Attorneys' fees, expert fees, and costs pursuant to KRS §304.12-230 and KRS §304.12-235; and

5.  All other relief considered by this Honorable Court to be reasonable and

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

COM : 000005 of 000006

5

Filed          25-CI-00833    12/30/2025                Diane Thompson, Nelson Circuit Clerk

DOCUMENT

AM

NOT ORIGINAL

01/09/2026 10:14:22

87453-1

appropriate.

Dated: **December 30, 2025**

Respectfully submitted,

*/s/ J. Bart Denham*

Denham Property and Injury Law Firm
J. Bart Denham, Esq.
250 W. Main St., Suite 120
Lexington, Kentucky 40507
Telephone: 859-900-2278
Email: Bart@Denham.Law
Email: Service@Denham.Law

COUNSEL FOR PLAINTIFF

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

COM : 000006 of 000006

Filed          25-CI-00833    12/30/2025                Diane Thompson, Nelson Circuit Clerk

Filed          25-CI-00833     12/30/2025          Diane Thompson, Nelson Circuit Clerk

DOCUMENT

AM

NOT ORIGINAL

01/09/2026 10:14:38

87453-1

COMMONWEALTH OF KENTUCKY
NELSON CIRCUIT COURT
DIVISION __
CIVIL ACTION NO. 25-CI-_____

CHAPLIN BAPTIST CHURCH INC                                PLAINTIFF

VS.          **PLAINTIFF'S FIRST SET OF REQUESTS
FOR ADMISSION, INTERROGATORIES, AND
REQUESTS FOR PRODUCTION PROPOUNDED
ON DEFENDANT**

OWNERS INSURANCE COMPANY                                  DEFENDANT

**** **** **** ****

Plaintiff, Chaplin Baptist Church Inc., by counsel, pursuant to Kentucky Rules of Civil Procedure, hereby request Defendant Owners Insurance Company's Responses to the following Requests for Admission, Interrogatories, and Requests for Production of Documents, under oath, within forty-five days:

**DEFINITIONS AND INSTRUCTIONS**

1.      The term "Insurance Company" means Defendant Owners Insurance Company, including all of its past and present affiliates, subsidiaries, and parents, and all respective officers, directors, shareholders, partners, employees, agents, representatives, attorneys, and any other person acting or purporting to act on any of its behalf.

2.      The term "Property" shall mean Plaintiff's property at 5585 Lawrenceburg Road, Bloomfield, KY 40008.

3.      The term "Claim" means claim number 300-0066116-2025 for the loss to the Property.

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

IRPD : 000001 of 000014

Filed    25-CI-00833    12/30/2025    Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL DOCUMENT
01/09/2026 10:14:38 AM
87453-1

4.      "You" or "Your" shall mean Defendant, Owners Insurance Company, including its agents, employees, or other servants (including independent contractors and subcontractors), attorneys, outside advisors or consultants, investigators, representatives of any kind and any other person acting on its behalf or for its benefit, either directly or indirectly.

5.      The term "communication" means the conveyance of information or knowledge by writing, orally or otherwise and includes, but is not limited to, writings, letters, memoranda, reports, notes, telegrams, interoffice communication electronic mail, audiotapes, videotapes, and computer programs and any form of electromagnetic storage.

6.      The term "document" means and includes any kind of written, typed, electronically produced or recorded or otherwise recorded and any graphic matter, however produced or reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where information appears on both sides, and including but not limited to: letters, correspondence, memoranda, meeting transcripts or minutes, public filings or tax returns, papers, books, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, notes, notations, accountants' working papers, transcriptions, agendas, reports, recordings of telephone or otl1er conversations, of interviews, of conferences or of meetings, telephone messages, diaries, indices, books, reports, ledgers, working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules affidavits, contracts, canceled checks, statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analysis evaluations, contracts, agreements, journals,

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

IRPD : 000002 of 000014

Filed        25-CI-00833    12/30/2025        Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL DOCUMENT
01/09/2026 10:14:38 AM
87453-1

statistical records, calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access. If any responsive information or documentation is stored on computer, then print out a hard or paper copy of such information or documentation or download such information or documentation to an electronic storage device. "Document" shall also be deemed to include copies of documents even though the originals are not in your possession, custody or control; every copy of a document which contains handwritten or other notations, or which otherwise does not duplicate the original of any other copy; and all attachments to any document. "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

7.    As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neutral shall be any gender or.

8.    The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the request inclusive rather than exclusive. The term "all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

9.    The terms "refer" or "relate to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

10.    "Relating to" means embodying, pertaining to, concerning, involving, constituting, comprising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatever with the subject matter in question.

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

IRPD : 000003 of 000014

Filed    25-CI-00833    12/30/2025    Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL DOCUMENT
01/09/2026 10:14:38 AM
87453-1

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

IRPD : 000004 of 000014

11.     If you claim that the attorney-client or other privilege or attorneys' work product doctrine is applicable to any document the identification of which is sought by these requests, then with respect to each such document, state its date, author(s), recipient(s), present and all previous custodians, location, subject matter, and sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

12.     If you claim that the attorney-client or other privilege or the attorneys' work product doctrine is applicable to any event, occurrence, or communications, including any oral communication, the identification of which is sought by these requests, then with respect to each such event or occurrence, state its date, place and length, identify all persons present at all or any part of the event or occurrence; identify all documents that record, refer, or relate to the event or occurrence; state the subject matter of the event or occurrence; and provide sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

13.     If any document the identification of which is sought by these requests has been destroyed, then state the date and circumstances of its destruction, and identify the person who destroyed the documents and the person who ordered its destruction.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that you entered into a valid contract of insurance, 184614-52897236-24 (hereinafter "the Policy"), with Plaintiff that was in full force and effect on January 5, 2025, for the Property.

**ANSWER**:

**REQUEST NO. 2:** Admit that at all material times, Plaintiff had an insurable interest in the Property.

Filed          25-CI-00833    12/30/2025    Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL
DOCUMENT
01/09/2026 10:14:38
AM
87453-1

**ANSWER**:

**REQUEST NO. 3:** Admit the subject policy of insurance provided coverage for damage caused to the Property by the weather event on January 5, 2025.

**ANSWER**:

**REQUEST NO. 4:** Admit that you were timely notified of the loss pursuant to the terms and conditions of the Policy.

**ANSWER**:

**REQUEST NO. 5:** Admit that you were provided an estimate of damages, the ability to inspect the loss, and photographs of the damage.

**ANSWER**:

**REQUEST NO. 6:** Admit that you received invoices for charges incurred by Plaintiff to restore the Property to its pre-loss condition.

**ANSWER**:

**REQUEST NO. 7:** Admit that you failed to indemnify Plaintiff against the amounts on Plaintiff's invoices or estimates.

**ANSWER**:

**REQUEST NO. 8:** Admit that as of the date of the filing of the instant lawsuit, there were no outstanding requests made by you for documents or other information in connection with your investigation and adjustment of the claim.

**ANSWER**:

**REQUEST NO. 9:** Admit that Plaintiff complied with all duties after a loss, pursuant to the Policy.

**ANSWER**:

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

IRPD : 000005 of 000014

Filed          25-CI-00833   12/30/2025          Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL

01/09/2026 10:14:38

DOCUMENT

AM

87453-1

# INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify the individual(s) responding to these Interrogatories and those individuals' full names, addresses, email addresses, telephone numbers, and their relationship to this litigation.

**ANSWER**:

**INTERROGATORY NO. 2:** List the names, addresses, and telephone numbers of all persons believed or known by you, your agents, or attorneys to have any knowledge concerning any of the issues raised by the pleadings, specifying the subject matter about which the witnesses have knowledge and state whether you have obtained any statements (oral, written, and/or recorded) from any of said witnesses, list the dates any such witness statements were taken, by whom any such witness statements were taken, and who has present possession, custody and control of any such statements.

**ANSWER**:

**INTERROGATORY NO. 3:** List the names, residence addresses, business addresses, and telephone number of all persons believed or known by you, your agents, or attorneys, to have heard Plaintiff make any statement, remark, or comment concerning the losses complained of in the Complaint and the substance of any such statement, remark, or comment.

**ANSWER:**

**INTERROGATORY NO. 4:** Please identify and provide a detailed description of all exhibits you plan to use at the trial of this matter.

**ANSWER**:

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

IRPD : 000006 of 000014

Filed          25-CI-00833    12/30/2025    Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL
DOCUMENT
01/09/2026 10:14:38
AM
87453-1

**INTERROGATORY NO. 5:** Please identify all persons with knowledge of the subject matter of this litigation. For each such person, please identify the relevant subjects on which you believe said individual is likely to have, and the nature and types of any relevant documents that you believe said individual may have in their possession, control, or custody.

**ANSWER**:

**INTERROGATORY NO. 6:** Please identify each person you intend to call as an expert witness in this matter, including the date upon which each expert was first contacted, and in addition:

  (a) State separately the subject matter upon which each such expert is expected to testify;

  (b) State separately the substance of the facts and opinions concerning which each such expert is expected to testify;

  (c) State separately a summary of the grounds for each such opinion or conclusion of each expert, including therein information provided to each expert by you or information you know to have been relied upon by each expert; and

  (d) Identify all persons who have received copies of any documents prepared by each expert identified above.

**ANSWER**:

**INTERROGATORY NO. 7:** Describe in detail each and every investigative step conducted by you, and/or any of your representatives, with respect to the facts and circumstances surrounding the subject loss and identify the individuals performing the referenced investigations.

**ANSWER**:

**INTERROGATORY NO. 8:** Identify by name and position each and every adjuster, claims representative, supervisor, independent adjuster, or any other person associated with or retained

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

IRPD : 000007 of 000014

Filed        25-CI-00833        12/30/2025        Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL
DOCUMENT
01/09/2026 10:14:38
AM
87453-1

by Defendant who had any involvement whatsoever with Plaintiff's Claim and describe the involvement of each individual or entity in Plaintiff's Claim.

**ANSWER**:

**INTERROGATORY NO. 9:** State the amount of damage you contend Plaintiff suffered as a result of loss to which this litigation relates. Include a detailed statement of the basis for the calculations, a description of the damaged items, and the amount necessary to repair or replace each item.

**ANSWER**:

**INTERROGATORY NO. 10:** For any and all policy defenses which you reasonably believe are available or on which you intend to with regard to the claim made by the Plaintiff herein: Describe, in detail, the factual basis, policy provision basis, and legal basis for any such defenses and give complete names, residence addresses, business addresses, and telephone number of each and every person believed or known by you, your agents, or attorneys to have knowledge of the facts which would provide the basis for any such defenses.

**ANSWER**:

**INTERROGATORY NO. 11:** For each inspection of the Property on behalf of Defendant, please provide the name, address, phone number, and company for each person and describe the reason for the inspection.

**ANSWER**:

**INTERROGATORY NO. 12:** Please state how much money Defendant has paid any consultants who examined Plaintiff's Property (whether engineers, contractors, plumbers, or otherwise) over the past 5 years for the evaluation of claims submitted to Defendant by Defendant's insured.

**ANSWER:**

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

IRPD : 000008 of 000014

Filed          25-CI-00833     12/30/2025          Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL
DOCUMENT
01/09/2026 10:14:38
AM
87453-1

**INTERROGATORY NO. 13:** Identify all projects upon which any consultants who examined Plaintiff's Property (whether engineers, contractors, plumbers, or otherwise) have performed services for Defendant over the past 5 years for the evaluation of claims submitted to Defendant by Defendant's insureds.

**ANSWER**:

**INTERROGATORY NO. 14:** If any of your responses to the Request For Admissions above were anything but an unqualified admission please provide the complete factual basis the denial or objection, and the name documents in your possession custody and control supporting the response.

**ANSWER:**

*[Verification on following page]*

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

IRPD : 000009 of 000014

Filed          25-CI-00833      12/30/2025      Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL
DOCUMENT
01/09/2026 10:14:38
AM
87453-1

*[ Verification Page ]*

**Acknowledgement**
The responses to the above interrogatories are provided by me, under oath, to the best of my knowledge, information, and belief.

By: _____

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____,

2025, by _____, who is personally known to me or who has produced

_____ as identification and who did (did not) take an oath, and who says that he/she executed the foregoing Answers to Interrogatories and that the Answers are true and correct to the best of his/her knowledge and belief.

_____
Notary Public

_____
Printed Name
                              (seal)

*[Requests for Production Responses on next page]*

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

IRPD : 000010 of 000014

Filed          25-CI-00833    12/30/2025    Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL
DOCUMENT
01/09/2026 10:14:38
AM
87453-1

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please produce all documents which you used to Answer the above Interrogatories.

**RESPONSE**:

**REQUEST NO. 2:** Please produce all documents which you intend to admit as exhibits at the trial of this matter.

**RESPONSE**:

**REQUEST NO. 3:** Please produce a certified copy of all policies that insured Plaintiff's Property.

**RESPONSE**:

**REQUEST NO. 4:** Please produce all statements made by Plaintiff, in whatever form, which relates to the subject matter of this litigation.

**RESPONSE**:

**REQUEST NO. 5:** Please produce all communications between you and Plaintiff relating to the Claim.

**RESPONSE**:

**REQUEST NO. 6:** Please produce all photographs of the Property relating to the Claim, including any thermal imagery. With respect to this request, please also include the original JPEG or TIFF digital files, or digital image files converted directly from the native digital format, including all metadata.

**RESPONSE**:

**REQUEST NO. 7:** Please produce all video recordings, diagrams, sketches, or other visual documentation related to the Plaintiff's Property or the Claim.

**RESPONSE**:

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

IRPD : 000011 of 000014

Filed        25-CI-00833    12/30/2025    Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL
DOCUMENT
01/09/2026 10:14:38
AM
87453-1

**REQUEST NO. 8:** Please produce all documents submitted by Plaintiff to you relating to the Claim.

**RESPONSE**:

**REQUEST NO. 9:** Please produce all estimates, reports, correspondence and/or invoices received or sent by you or any of your agents relating to the Property and/or to the Claim.

**RESPONSE**:

**REQUEST NO. 10:** Please produce all documents related to the coverages the Policy affords to Plaintiff.

**RESPONSE**:

**REQUEST NO. 11:** Please produce all documents related to your decision not to fully compensate or otherwise indemnify Plaintiff for the Claim.

**RESPONSE**:

**REQUEST NO. 12:** Please produce all documents to and from adjusters and/or appraisers relating to coverage for Plaintiff's Claim.

**RESPONSE**:

**REQUEST NO. 13:** Please produce all photographs, inspection reports, or other documents relating to the condition of the Property prior to Plaintiff's Claim, including all inspection reports prepared by you before deciding to insure the Property. With respect to photographs, please also include all original JPEG or TIFF format digital files, or digital image files converted directly from the native digital format, including all metadata.

**RESPONSE**:

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

IRPD : 000012 of 000014

Filed          25-CI-00833      12/30/2025      Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL
DOCUMENT
01/09/2026 10:14:38
AM
87453-1

**REQUEST NO. 14:** Please produce all documents reflecting the dates and times that you inspected the Property within the past five years, as well as the individuals conducting the inspections.

**RESPONSE**:

**REQUEST NO. 15:** Please produce the complete underwriting file for the Policy.

**RESPONSE**:

**REQUEST NO. 16:** Defendant's underwriting manual(s) in effect at the time of the issuance or renewal of all policies issued to Plaintiff.

**RESPONSE**:

**REQUEST NO. 17:** Any and all statements taken by the Defendant of any witnesses with regard to any fact relevant to this case, including any statements taken prior to the filing of suit in this matter.

**RESPONSE**:

**REQUEST NO. 18:** Copies of all IRS Forms 1099 from Defendant to any consultants who examined Plaintiff's Property (whether engineers, contractors, plumbers, or otherwise) in the past 5 years for the evaluation of claims submitted to Defendant by Defendant's insured.

**RESPONSE**:

Respectfully submitted,

*/s/ J. Bart Denham*

_____

Denham Property and Injury Law Firm
J. Bart Denham, Esq.
250 W. Main St., Suite 120
Lexington, Kentucky 40507
Telephone: 859-900-2278
Email: bart@denham.law
Email: service@denham.law
*Counsel for Plaintiff*

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

IRPD : 000013 of 000014

Filed          25-CI-00833    12/30/2025    Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL

DOCUMENT

01/09/2026 10:14:38

AM

## CERTIFICATE OF SERVICE

87453-1

I hereby certify that an exact copy of this document has been served concurrently with the

Complaint:

*/s/ J. Bart Denham*
Counsel for Plaintiff

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

IRPD : 000014 of 000014

Filed          25-CI-00833          01/08/2026          Diane Thompson, Nelson Circuit Clerk

# UNITED STATES
# POSTAL SERVICE.

DOCUMENT

NOT ORIGINAL

01/09/2026 10:11:40 AM

87453-1

Date Produced: 01/08/2026

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8349 5110 67. Our records indicate that this item was delivered on 01/07/2026 at 09:00 a.m. in FRANKFORT, KY 40601. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

CT CORPORATION SYSTEM
306 W. MAIN STREET, SUITE 306
FRANKFORT KY 40601

COR : 000001 of 000002

Customer Reference Number:          C6466352.39507174

Filed          25-CI-00833    01/08/2026    Diane Thompson, Nelson Circuit Clerk

USPS MAIL PIECE TRACKING NUMBER:  420406019236090194038349511067

MAILING DATE:    01/02/2026

DELIVERED DATE:    01/07/2026

Custom 1: DriverId-12456210

Custom 2: PartyId-80649841

Custom 3: SummonsNum-@00000159261

Custom 4: CentralMailId-274851

Custom 5: Source County-NELSON


MAIL PIECE DELIVERY INFORMATION:

CT CORPORATION SYSTEM
306 W. MAIN STREET, SUITE 306
FRANKFORT KY 40601


MAIL PIECE TRACKING EVENTS:

| | | |
|---|---|---|
| 01/02/2026 14:50 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | FRANKFORT,KY 40601 |
| 01/02/2026 15:54 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 |
| 01/03/2026 18:20 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 |
| 01/03/2026 19:35 | PROCESSED THROUGH USPS FACILITY | LOUISVILLE,KY 40221 |
| 01/04/2026 15:42 | PROCESSED THROUGH USPS FACILITY | LEXINGTON KY DISTRIBUTION CENTE 40511 |
| 01/06/2026 09:41 | ARRIVAL AT UNIT | FRANKFORT,KY 40601 |
| 01/06/2026 10:21 | AVAILABLE FOR PICKUP | FRANKFORT,KY 40601 |
| 01/07/2026 09:00 | DELIVERED INDIVIDUAL PICKED UP AT PO | FRANKFORT,KY 40601 |

DOCUMENT

AM

NOT ORIGINAL

01/09/2026 10:11:40

87453-1

COR : 000002 of 000002

COMMONWEALTH OF KENTUCKY
NELSON CIRCUIT COURT
CIVIL ACTION NO. 25-CI-00833

CHAPLIN BAPTIST CHURCH INC.                                    PLAINTIFF

v.                        **ANSWER AND COUNTERCLAIM FOR**
                         **DECLARATORY JUDGMENT**
                              *(Electronically filed)*

OWNERS INSURANCE COMPANY                                      DEFENDANT

* * * * *

## ANSWER

Comes now Defendant, Owners Insurance Company (hereinafter "Defendant"), by counsel, and for its Answer to the Complaint of Plaintiff, Chaplin Baptist Church Inc. (hereinafter "Plaintiff"), states as follows:

1.  Plaintiff's Complaint fails to state a cause of action against this Defendant upon which relief may be granted.

2.  The allegations contained in Paragraph 1 of Plaintiff's Complaint call for a legal conclusion and, Defendant cannot admit or deny same at this time.

3.  Upon information and belief, Defendant admits the allegations contained in Paragraphs 2, and 4 of Plaintiff's Complaint.

4.  Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

5.  In response to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendant admits that Owners Insurance Company issued a Tailored Protection Insurance Policy, policy number 184614-52897236-24, to Named Insured Chaplin Baptist Church Inc with an effective policy term of August 14, 2024 to August 14, 2025 (hereinafter "Policy"), and that said Policy's provisions, terms, conditions, endorsements and exclusions speak for themselves, but otherwise

EA9CE6D8-AAF3-4568-9768-28BFAC805662 : 000001 of 000017

Defendant denies all allegations contained in Paragraph 5 of Plaintiff's Complaint inconsistent therewith unless specifically admitted herein.

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant admits that Plaintiff submitted a claim to Defendant; but otherwise, upon information and belief, Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. The allegations contained in Paragraph 7 of Plaintiff's Complaint call for a legal conclusion and, accordingly, are denied at this time.

8. In response to Paragraph 8 of Plaintiff's Complaint, Defendant admits that Plaintiff reported the loss to Defendant, who assigned claim number 300-0066116-2025 to the loss claim.

9. The allegations contained in Paragraphs 9 of Plaintiff's Complaint call for a legal conclusion and, accordingly, are denied at this time.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint call for a legal conclusion and, accordingly, Answering Defendant cannot admit or deny same at this time.

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint call for a legal conclusion and/or Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, accordingly, Defendant denies same at this time.

13. In response to Paragraph 13 of Plaintiff's Complaint, Defendant incorporates herein by reference its answers to Paragraphs 1 through 12 of Plaintiff's Complaint as well as all affirmative defenses asserted herein as if set forth herein in full in response to Paragraph 13 of Plaintiff's Complaint.

2

14. In response to the allegations contained in Paragraph 14 of Plaintiff's Complaint, Defendant admits that Owners Insurance Company issued a Tailored Protection Insurance Policy, policy number 184614-52897236-24, to Named Insured Chaplin Baptist Church Inc with an effective policy term of August 14, 2024 to August 14, 2025 (hereinafter "Policy"), and that said Policy's provisions, terms, conditions, endorsements and exclusions speak for themselves, but otherwise Defendant denies all allegations contained in Paragraph 14 of Plaintiff's Complaint inconsistent therewith unless specifically admitted herein.

15. The allegations contained in Paragraphs 15, 16, 17, and 19 of Plaintiff's Complaint call for a legal conclusion and, accordingly, said allegations are denied at this time.

16. The allegations contained in Paragraph 18 of Plaintiff's Complaint call for a legal conclusion and/or Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and, accordingly, said allegations are denied at this time.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and, accordingly, Defendant cannot admit or deny same at this time.

18. In response to Paragraph 21 of Plaintiff's Complaint, Defendant incorporates herein by reference its answers to Paragraphs 1 through 20 of Plaintiff's Complaint as well as all affirmative defenses asserted herein as if set forth herein in full in response to Paragraph 21 of Plaintiff's Complaint.

19. Defendant admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

20. The allegations contained in Paragraphs 23 and 24 of Plaintiff's Complaint call for a legal conclusion and, accordingly, Defendant denies same.

EA9CE6D8-AAF3-4568-9768-28BFAC805662 : 000003 of 000017

21. In response to Paragraph 25 of Plaintiff's Complaint, Defendant incorporates herein by reference its answers to Paragraphs 1 through 24 of Plaintiff's Complaint as well as all affirmative defenses asserted herein as if set forth herein in full in response to Paragraph 25 of Plaintiff's Complaint.

22. The allegations contained in Paragraphs 26, 27, and 28 of Plaintiff's Complaint call for a legal conclusion and, accordingly, Defendant denies same.

23. The allegations contained in Paragraphs 29, 30, 31, 32, 33, and 34 of Plaintiff's Complaint call for a legal conclusion and, accordingly, Defendant denies same.

24. The allegations contained in Paragraph 35 of Plaintiff's Complaint call for a legal conclusion and Defendant cannot admit or deny same at this time.

25. All averments of Plaintiff's Complaint not expressly admitted herein are denied.

26. Defendant affirmatively states and avers that Plaintiff's claims may be barred by the applicable statute of limitations and Defendant avers same as an affirmative defense to Plaintiff's claims herein, subject to potential withdrawal upon further investigation and/or discovery.

27. Defendant affirmatively states and avers that Plaintiff's claims herein may be barred, in whole or in part, by the terms, provisions, conditions, exclusions, and endorsements of Tailored Protection Insurance Policy, policy number 184614-52897236-24, to Named Insured Chaplin Baptist Church Inc with an effective policy term of August 14, 2024 to August 14, 2025, and Defendant relies upon same as affirmative defenses to Plaintiff's claims herein, pending further investigation and/or discovery.

28. Defendant affirmatively states and avers that Plaintiff's claims herein may be barred, in whole or in part, insofar as any necessary conditions precedent for extension of coverage under Tailored Protection Insurance Policy, policy number 184614-52897236-24, to Named Insured

EA9CE6D8-AAF3-4568-9768-28BFAC805662 : 000004 of 000017

Chaplin Baptist Church Inc with an effective policy term of August 14, 2024 to August 14, 2025 have not been met, and/or by the legal doctrine of license and/or insofar as Plaintiff has failed to meet a necessary condition precedent to pursue such a claim and/or insofar as Plaintiff has failed to abide by, or breached, the contract of insurance at issue and Defendant affirmatively avers same as affirmative defenses to Plaintiff's claims herein at this time, subject to potential withdrawal, pending further investigation and/or discovery.

29. Defendant affirmatively states and avers that Plaintiff's claims may be barred, in whole or in part, by the terms and conditions of the Kentucky Unfair Claims Settlement Practices Act, KRS § 304.12-230 and/or KRS § 304.12-235.

30. Defendant affirmatively states and avers that Plaintiff's alleged damages, if any, may have been caused and/or contributed to by Plaintiff's own negligence, actions, errors or inaction, and/or the negligence actions, errors or inaction of others and/or Plaintiff's failure to mitigate damages, and an appropriate instruction apportioning fault and/or mitigating damages must be provided to the trier of fact.

31. Defendant affirmatively states and avers that Plaintiff's claims herein may be barred, in whole or in part, insofar as these claims were caused and/or contributed to by others outside of the direction and/or control of this Defendant and Plaintiff's claims must be reduced or dismissed accordingly.

32. Defendant affirmatively states and avers that Plaintiff's claims herein may be barred, in whole or in part, insofar as these claims were caused and/or contributed to by caused and/or contributed to by pre-existing conditions or events or losses that occurred outside the applicable period of insurance coverage of the Tailored Protection Insurance Policy, policy number 184614-52897236-24, to Named Insured Chaplin Baptist Church Inc with an effective policy term of

EA9CE6D8-AAF3-4568-9768-28BFAC805662 : 000005 of 000017

August 14, 2024 to August 14, 2025, and Plaintiff's claims must be reduced or dismissed accordingly.

33. Defendant respectfully states and avers that Plaintiff's claims herein may be barred, in whole or in part, by the terms, provisions, conditions, exclusions, and endorsements of Tailored Protection Insurance Policy, policy number 184614-52897236-24, to Named Insured Chaplin Baptist Church Inc with an effective policy term of August 14, 2024 to August 14, 2025, and this Defendant relies upon same as an affirmative defenses to Plaintiff's claims herein, pending further investigation and/or discovery.

34. Defendant affirmatively states and avers that Plaintiff's claims may be barred, in whole or in part, insofar as the insured property did not suffer any damage or condition that is a covered cause of loss and/or insofar as the insured property suffered the claimed damage or conditions before August 14, 2024 and/or before the inception date of Tailored Protection Insurance Policy, policy number 184614-52897236-24 issued to Named Insured Chaplin Baptist Church Inc.

35. Defendant affirmatively states and avers that Plaintiff's claims herein may be barred, in whole or in part, insofar as any necessary conditions precedent for extension of coverage under Tailored Protection Insurance Policy, policy number 184614-52897236-24, to Named Insured Chaplin Baptist Church Inc with an effective policy term of August 14, 2024 to August 14, 2025,have not been met, and/or insofar as Plaintiff failed to meet any necessary condition precedent to pursue such a claim and/or insofar as Plaintiff failed to abide by or breached the contract of insurance at issue, and Defendant affirmatively avers same as affirmative defenses to Plaintiff's Complaint and claims herein at this time, subject to potential withdrawal, pending further investigation and/or discovery.

EA9CE6D8-AAF3-4568-9768-28BFAC805662 : 000006 of 000017

36. Defendant affirmatively states and avers that Plaintiff's claims herein may be barred, in whole or in part, insofar as said claimed damages were caused and/or contributed to by uninsured, unforeseeable, preexisting, previously incurred, independent, intervening and/or superseding causes or events beyond the control, direction or conduct of Defendant, and/or were caused by conditions or events that are not insured or covered by Tailored Protection Insurance Policy, policy number 184614-52897236-24, to Named Insured Chaplin Baptist Church Inc with an effective policy term of August 14, 2024 to August 14, 2025, and Plaintiff's claims must be reduced or dismissed accordingly, and Defendant affirmatively avers same as affirmative defenses herein, subject to potential withdrawal, pending further investigation and/or discovery.

37. To the extent the allegations and averments asserted in Defendant and Counter-Claimant's Counter Claim for Declaratory Judgment may be deemed to be affirmative defenses to the Plaintiff's Complaint and claims herein, Defendant pleads those allegations and averments as though fully set forth herein as affirmative defenses to Plaintiff's Complaint.

38. Defendant affirmatively states and avers that Plaintiff's claims of bad faith or violation of Kentucky Unfair Claims Settlement Practices Act, KRS § 304.12-230 and/or KRS § 304.12-235 averred against this Defendant must be bifurcated from the underlying claim for insurance coverage, and that all discovery regarding Plaintiff's claims of bad faith or violation of Kentucky Unfair Claims Settlement Practices Act, KRS § 304.12-230 and/or KRS § 304.12-235 averred herein against this Defendant must be held in abeyance until such time as the underlying claim for insurance coverage is fully judicially resolved or fully settled.

39. Defendant respectively states and avers that those affirmative defenses set forth in Kentucky Rules of Civil Procedure 8 and 12, may bar, in whole or in part, Plaintiff's claims as

EA9CE6D8-AAF3-4568-9768-28BFAC805662 : 000007 of 000017

against Answering Defendant, and Answering Defendant herein adopts those affirmative defenses as if set forth here in full, subject to further investigation and/or discovery.

40. Plaintiff's claim for punitive damages is barred, in whole or in part, because it violates the laws and the Constitutions of the United States of America and the Commonwealth of Kentucky.

41. The imposition of punitive or exemplary damages against Defendant would violate Defendant's constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States, the excessive fines clause of the Eighth Amendment to the Constitution of the United States, the double jeopardy clause of the Fifth Amendment to the Constitution of the United States, similar provisions in the applicable Kentucky Constitution, and/or the common law or public policies of the Commonwealth of Kentucky, and/or applicable statutes and court rules, and the circumstances of this litigation, including but not limited to:

    a.   imposition of such punitive damages by a jury which, 1) has not been provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of such a punitive damage award; 2) is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment; 3) is not expressly prohibited from awarding punitive damages, or determining an amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the status, wealth, or state of residence of Defendant; 4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and 5) is

EA9CE6D8-AAF3-4568-9768-28BFAC805662 : 000008 of 000017

not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

b.  imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise and/or inconsistent;

c.  imposition of such punitive damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

d.  imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damage issues only if and after the liability of Defendant has been found on the merits;

e.  imposition of such punitive damages, and determination of the amount of an award thereof, under the laws of the Commonwealth of Kentucky, subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount; and/or

f.  imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Defendant's conduct in connection with the matters alleged in this litigation, or in any other way subjecting Defendant to impermissible multiple punishment for the same alleged wrong.

42. Defendant respectively reserves the right to amend and/or supplement this Answer based upon further investigation and/or discovery.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

### FACTS

1.   Defendant and Counterclaimant, Owners Insurance Company, brings this action for Declaratory Judgment pursuant to KRS §418.040 to establish that it does not owe insurance coverage nor indemnification for the claims asserted by Plaintiff, Chaplin Baptist Church Inc. in this Lawsuit.

2.   Defendant and Counterclaimant, Owners Insurance Company, issued a Tailored Protection Policy, policy number 184614-52897236-24, to Chaplin Baptist Church Inc., with effective dates of August 14, 2024 to August 14, 2025, for the property located at 5585 Lawrenceburg Road, Bloomfield, Kentucky, 40008, and said Policy's provisions, terms, conditions, endorsements and exclusions speak for themselves and are incorporated herein by reference.

3.   On or about January 26, 2025, Defendant and Counterclaimant, Owners Insurance Company, received a notice of a claim for damage to the property located at located at 5585 Lawrenceburg Road, Bloomfield, Kentucky, 40008 (hereinafter "the Property").

4.   In investigating the claimed loss, Defendant and Counterclaimant, Owners Insurance Company, was advised by representatives of Plaintiff, Chaplin Baptist Church Inc., that the claimed damage was to the  truss system of the Property and was believed to have been from the weight of ice and snow.

5.   As part of the investigation of the claimed loss, Defendant and Counterclaimant, Owners Insurance Company, retained the services of a forensic structural engineer, Kyle Meehan, of EFI Global Inc. to inspect the claimed loss to the Property.

6.   EFI Global Inc. prepared and produced a Truss Damage Assessment report dated March 3, 2026 and a Supplemental Engineering Report dated July 3, 2025.

7.   The conclusion of forensic structural engineer, Kyle Meehan, of EFI Global Inc. set forth in the Truss Damage Assessment dated March 3, 2026 and the Supplemental Engineering Report dated July 3, 2025 was that the claimed Property damage resulted from a failure in the roof trusses of the Property caused by improper design and/or construction.

8.   The further conclusion of forensic structural engineer, Kyle Meehan, of EFI Global Inc. set forth in the Truss Damage Assessment report dated March 3, 2026 and the Supplemental Engineering Report dated July 3, 2025 was that the failure in the roof trusses caused by improper design and/or construction was a progressive failure that occurred over a period of years and that the failure had not occurred recently.

9.   The further conclusion of forensic structural engineer, Kyle Meehan, of EFI Global Inc. set forth in the Truss Damage Assessment report dated March 3, 2026 and the Supplemental Engineering Report dated July 3, 2025 was that the snowfall about the date of loss was not the cause of the failure in the Property roof trusses.

## THE POLICY

10. Defendant and Counterclaimant, Owners Insurance Company issued a Tailored Protection Insurance Policy, number 184614-52897236-24, to Named Insured Chaplin Baptist Church Inc., with effective dates of August 14, 2024 to August 14, 2025 (hereinafter "Policy").

11. The Policy contained the following relevant provisions (bolded language contained in original):

## BUILDING AND PERSONAL PROPERTY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

…..

EA9CE6D8-AAF3-4568-9768-28BFAC805662 : 000012 of 000017

**A.  Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

…..

> **3. Covered Causes Of Loss**
>
> See applicable Causes Of Loss Form as shown in the Declarations.
>
> …..

**B. EXCLUSIONS AND LIMITATIONS**

See applicable Causes Of Loss Form as shown in the Declarations.

…..

**CAUSES OF LOSS - SPECIAL FORM**

**A.  COVERED CAUSES OF LOSS**

> When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:
>
> **1**. Excluded in Section **B**., Exclusions; or
>
> **2**. Limited in Section **C**., Limitations that follow.

**B. EXCLUSIONS**

> 1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

…..

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

> **…**..
>
> **m.** Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

**3.** We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. However, if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

…..

> **c. Faulty, inadequate or defective:**
>
> …..
>
> **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>
> **(3)** Materials used in repair, construction, renovation or remodeling; or
>
> **(4)** Maintenance of part or all of any property on or off the described premises.
>
> ……

### COMMERCIAL PROPERTY CONDITIONS

…..

EA9CE6D8-AAF3-4568-9768-28BFAC805662 : 000013 of 000017

### H. POLICY PERIOD, COVERAGE TERRITORY

Under this Coverage Party:

    1.  We cover loss or damage commencing:

        a.  During the policy period shown in the Declaration; ….

*****

12. Insofar as the claims of Plaintiff herein do not arise from damages for a "Covered Cause of Loss" as defined by the Tailored Protection Insurance Policy, there is no insurance coverage owed by Owners Insurance Company under the aforementioned Tailored Protection Insurance Policy, number 184614-52897236-24, issued to Named Insured Chaplin Baptist Church Inc. for such claims.

13. Insofar as the claims of Plaintiff herein do not arise from damages due to a direct physical loss or damage to "Covered Property" or for a "Covered Cause of Loss" that occurred to the Property during the applicable Policy period of August 14, 2024 to August 14, 2025,  there is no insurance coverage, owed by Owners under the aforementioned Tailored Protection Insurance Policy, number 184614-52897236-24, issued to Named Insured Chaplin Baptist Church Inc. for such claims.

14. Insofar as the Tailored Protection Insurance Policy precludes insurance coverage for "faulty, inadequate or defective … design, specifications, workmanship, repair, construction, renovation, remodeling … materials used in repair, construction, renovation or remodeling or … maintenance of part or all of or all of  [the] property", and insofar as Plaintiff's claimed damages to the Property arose from the  "faulty, inadequate or defective … workmanship, repair, construction, renovation, remodeling … materials used in repair, construction, renovation or remodeling or … maintenance of part or all of or all of  [the] property", there is no insurance

14

EA9CE6D8-AAF3-4568-9768-28BFAC805662 : 000014 of 000017

coverage owed by Owners Insurance Company under the aforementioned Tailored Protection Insurance Policy, number 184614-52897236-24, issued to Named Insured Chaplin Baptist Church Inc. for the claims asserted by Plaintiffs herein.

15. Insofar as the Tailored Protection Insurance Policy precludes any insurance coverage owed by Owners Insurance Company for the claims of Plaintiffs herein, Plaintiff's claims of breach of contract, bad faith and/or violations of Kentucky Unfair Claims Settlement Practices Act, KRS § 304.12-230, and/or violation of KRS § 304.12-235 must fail as a matter of law, as there can be no allegation of breach of contract, bad faith and/or violations of Kentucky Unfair Claims Settlement Practices Act, KRS § 304.12-230, and/or violation of KRS § 304.12-235 without the prerequisite condition precedent of coverage owed.

16. Insofar as the January 26, 2025 reported loss occurred prior to the inception date of the Tailored Protection Policy, policy number 184614-52897236-24, and/or did not occur during the effective dates of the Policy, Defendant and Counterclaimant, Owners Insurance Company, owes no insurance coverage nor indemnity to Plaintiff, Chaplin Baptist Church Inc., under the Tailored Protection Policy, policy number 184614-52897236-24, for any such claims or damages or loss that occurred prior to the inception date of the Tailored Protection Policy.

17. Coverage may also be barred under other terms, provisions, conditions, exclusions, and endorsements of the Owners Insurance Company under the aforementioned Tailored Protection Insurance Policy, number 184614-52897236-24, issued to Named Insured Chaplin Baptist Church Inc. for the claims asserted by Plaintiffs herein but not specifically addressed in the above counts, and/or under the terms, provisions, conditions, exclusions and/or endorsements not specifically pled herein, and Owners Insurance Company reserves the right to, and does incorporate herein and rely on all other portions of the Tailored Protection Insurance Policy not specifically addressed in

the above counts and/or not specifically herein pled, in support of its Counterclaim for Declaratory Judgment.

**WHEREFORE**, Defendant and Counterclaimant, Owners Insurance Company, respectfully demands as follows:

1.      A Judicial Declaration that the Owners Insurance Company Tailored Protection Insurance Policy, number 184614-52897236-24, issued to Named Insured Chaplin Baptist Church Inc. provides no insurance coverage for the claims of Plaintiff herein and that Owners Insurance Company owes no insurance coverage for the claims of Plaintiff herein;

2.      That Plaintiff's Complaint against Defendant and Counterclaimant, Owners Insurance Company, be dismissed with prejudice;

3.      That Plaintiff's claims for alleged bad faith and/or violations of Kentucky Unfair Claims Settlement Practices Act, KRS § 304.12-230, and/or violation of KRS § 304.12-235 be bifurcated and all discovery regarding such claims be held in abeyance pending a full resolution of the underlying coverage issue and/or Declaratory Judgment Action as to whether Plaintiff may be entitled to any insurance coverage for the loss claimed at all.

4.      For its costs and attorney fees herein expended;

5.      For Trial by jury on all issues so triable; and

6.      For any and all other legal and equitable relief to which Defendant and Counterclaimant, Owners Insurance Company, may be entitled.

/s/ David K. Barnes
David K. Barnes
BARNES MALONEY PLLC
401 W. Main Street, Suite 1600
Louisville, KY 40202
T: (502) 583-4777
dbarnes@sbmkylaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was this 27th day of January 2026, electronically filed using the court's E-filing System which will send electronic notification to:

Denham Property and Injury Law Firm
J. Bart Denham, Esq.
250 W. Main St., Suite 120
Lexington, Kentucky 40507
Telephone: 859-900-2278
Email: Bart@Denham.Law
Email: Service@Denham.Law
*Counsel for Plaintiff*

/s/ David K. Barnes_____
BARNES MALONEY PLLC